# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

          Plaintiff,

v.

MS. VASQUEZ and LAURA FRAZIER,

          Defendants.

Case No. 18-CV-158-JPS

**ORDER**

Plaintiff, who is incarcerated at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1).[1] This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #4). Plaintiff has been assessed and paid an initial partial filing fee of $95.73. 28 U.S.C. § 1915(b)(4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v.*

---

[1]The complaint was originally filed in the United States District Court for the Western District of Wisconsin, but because venue is proper only in this District, the action was transferred here. *See* (Docket #11).

*Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations concern repeated failures by RCI medical staff to provide him with needed medication following heart surgery. Defendants are Ms. Vasquez ("Vasquez"), the Health Services Unit ("HSU") manager at RCI, and Laura Frazier ("Frazier"), the assistant HSU manager. (Docket #1 at 1). Plaintiff alleges that he underwent heart catheterization surgery on October 12, 2016 and was prescribed Plavix, a medication intended "to keep the heart stent from clotting and preventing a stroke and/or sudden death." *Id.* at 2. When he returned to RCI from the hospital where the surgery was performed, he told Defendants that he was prescribed Plavix and that the surgeon ordered that it be administered immediately. *Id.* Additionally, the transport officers handed the doctor's order to HSU staff when they dropped off Plaintiff. *Id.*

However, despite his numerous written requests that the medication be administered, Plaintiff was not given any Plavix until a week later, on October 20, 2016. *Id.* at 2–3. A day earlier, Plaintiff had seen the surgeon for

a follow-up appointment, and the surgeon, appalled at the failure to administer the medication, called and berated the RCI medical staff, stating that they were not to miss a single daily dose of the medication. *Id.* at 3.

Nevertheless, the problem persisted. Each time Plaintiff's medication was nearly out, he would request a refill, but the refill was not timely provided and several days would pass in which he would have no Plavix to take. *Id.* at 3–7. Plaintiff would submit additional written requests to the HSU inquiring about the refill, but to no avail. *Id.* He would thereafter submit inmate grievances complaining about the delays, and the examiner would chide the medical staff, noting that the examiner had consulted with Frazier about the continuing problem. *Id.* Yet, the problem recurred several times, well into 2017. *Id.* Plaintiff claims he suffered severe chest pain and anguish as a result of the repeated delays. *Id.* at 7.

Plaintiff's complaint crosses the low threshold set at screening to state a claim for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. To sustain such a claim, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). To show that a delay in providing treatment is actionable under the Eighth Amendment, Plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily

prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016). At the present stage the Court, generously construing Plaintiff's allegations, find that he states a claim against Defendants for deliberate indifference to his serious medical needs. Thus, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants. 28 U.S.C. § 1915A(b).[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #4) is **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the

---

[2] It is not apparent from the face of the complaint whether Vasquez knew of Plaintiff's ongoing plight. She cannot be liable for the actions of Frazier or others simply because she is a supervisor. Rather, she is responsible only for her own conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye"). However, construing his allegations generously, it appears that Plaintiff's inmate grievances were relayed to HSU staff each time a problematic delay was found. The persistent, recurring nature of the delays suggests that Vasquez may have been aware of the problem. Under the lenient standard of review applied at screening, the Court finds that Plaintiff may proceed against Vasquez at this time.

filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge