# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

        Plaintiff,

v.

KRISTIN VASQUEZ and LAURA FRAZIER,

        Defendants.

Case No. 18-CV-158-JPS

**ORDER**

On May 24, 2018, Plaintiff filed a motion for an "emergency injunction." (Docket #15). In it, he asks that the Court order Racine Correctional Institution, the prison where Plaintiff is currently housed, to allow him more time in the law library and to purchase legal photocopies. *Id.* at 1. Plaintiff also asks for an order directing that he be moved back into the general population from the "green unit" in which he was recently placed at RCI. *Id.*

Defendants responded on June 1, 2018, arguing that Plaintiff's motion is moot. (Docket #19). In a declaration filed along with Defendants' opposition brief, the RCI deputy warden explains that the green unit at RCI is used to house intake, overflow, and handicap inmates, and it is more restrictive than other housing units at RCI. *See* (Docket #20 at 2). Inmates in the green unit cannot use the general population law library, but the unit has a law library of its own. *Id.* However, because Plaintiff was placed in the green unit solely for medical purposes, rather than discipline, RCI decided as of May 30, 2018 to allow Plaintiff to use the RCI general

population law library. *Id.* For this reason, Defendants believe Plaintiff's motion is moot. (Docket #19 at 2).

On June 8, 2018, Plaintiff filed a reply, acknowledging that he now has sufficient law library access but arguing that he is still entitled to be moved out of the green unit because, first, he believes he was placed there in retaliation for having filed lawsuits (other than this one) against prison staff and, second, because he believes the unit is not compliant with the requirements of the Americans with Disabilities Act ("ADA"). (Docket #21).

Plaintiff's request for injunctive relief will be denied. Requests for injunctive relief must deal with the same subject matter as the claim(s) at issue in a case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, No. 4:11-CV-4058-SLD-JAG, 2012 WL 5425605, at *2 (C.D. Ill. Nov. 6, 2012) (citing *Stewart v. U.S. Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2nd Cir. 1985)). Plaintiff was allowed to proceed on an Eighth Amendment claim that Defendants were deliberately indifferent to Plaintiff's serious medical condition by failing to provide him with needed medication following heart surgery. (Docket #14 at 3–5). Law library access, retaliation for filing lawsuits, and ADA compliance have nothing to do with Plaintiff's claim in this case. Plaintiff's motion must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an emergency injunction (Docket #15) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge