# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRANCE J. SHAW,<br><br>       Plaintiff,<br><br>v.<br><br>KRISTIN VASQUEZ, LAURA FRAZIER, WISCONSIN DEPARTMENT OF CORRECRTIONS, RACINE CORRECTIONAL INSTITUTION, and PAUL S. KEMPER,<br><br>       Defendants. | Case No. 18-CV-158-JPS<br><br><br>**ORDER** |

  Plaintiff, who is incarcerated at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). The Court screened Plaintiff's complaint and allowed him to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Kristin Vasquez ("Vasquez") and Laura Frazier ("Frazier"). (Docket #14 at 4–5). On July 6, 2018, Plaintiff filed an amended complaint in compliance with the deadline for amended pleadings set by the Court's Scheduling Order. (Docket #27). The Court will screen the amended complaint pursuant to 28 U.S.C. § 1915A(a). All of the standards applicable to screening announced in the Court's original screening order apply here. (Docket #14 at 1–3).

  Plaintiff's amended complaint is premised on the same operative facts as was his original complaint. In short, Plaintiff alleges that he

underwent heart catheterization surgery on October 12, 2016 and was prescribed Plavix that he was supposed to take daily, but RCI medical staff repeatedly failed to provide him with that medication. The only material difference between Plaintiff's original and amended complaints is that Plaintiff has attempted to add three defendants with his amended complaint.[1]

The only amendment the Court finds proper is the addition of Paul Kemper ("Kemper"), the warden at RCI, as a defendant. Plaintiff alleges that he submitted numerous inmate grievances about his access to Plavix, which were affirmed by the complaint examiner, and that at least some of those affirmed grievances were sent to Kemper "for informational purposes." (Docket #27 at 6). Kemper cannot be liable for the actions of other prison officials simply because he is the warden. Rather, he is responsible only for his own conduct. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (to be liable, a supervisory defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye"). However, construing Plaintiff's allegations generously, it appears that Kemper knew about the persistent, recurring nature of the problem and did nothing to abate it. Under the lenient standard of review applied at screening, the Court finds that Plaintiff may proceed on an Eighth

---

[1] It possible that Plaintiff also intended to add some state law claims; citations to various Wisconsin civil and criminal statute sections ("summary judgment," "medical malpractice," and "criminal recklessness," for example) are scattered throughout the amended complaint's introduction, factual allegations, and prayer for relief. *See generally* (Docket #27). However, Plaintiff has not included any state law claims under his "cause[s] of action," *id.* at 9–10, and the Court will not sift through Plaintiff's myriad (mostly irrelevant) state law citations to fashion a new claim for Plaintiff that he has not alleged himself.

Amendment claim of deliberate indifference to his medical needs against Kemper.

Plaintiff will not be permitted to proceed against the other two defendants he has attempted to add, RCI and the Wisconsin Department of Corrections ("WDOC"). Plaintiff's Eighth Amendment claim arises under 42 U.S.C. § 1983, pursuant to which a person may bring a cause of action against *persons* who "under color of any statute, ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. Defendants WDOC and RCI are not "persons" that may be sued under Section 1983.[2] *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66–67 (1989); *Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012). Furthermore, "[i]t is well-settled that a claim against a state or local agency or its officials may not be premised upon a *respondeat superior* theory." *Rascon v. Hardiman,* 803 F.2d 269, 274 (7th Cir. 1986) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "The agency must be culpable in its own right, for example by having a policy of violating such rights." *Bailey v. Faulkner,* 765 F.2d 102, 104 (7th Cir. 1985). Plaintiff has not alleged that WDOC (or RCI) had in place a policy or practice that caused his constitutional deprivation. For these reasons, WDOC and RCI will be dismissed from this case.

Thus, Plaintiff shall be permitted to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Vasquez, Frazier, and Kemper. 28 U.S.C. § 1915A(b).

---

[2]Further, RCI is also not a legal entity; it is a building. It cannot accept service, and it cannot be sued.

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #27) be and the same is hereby **ACCEPTED** and is now the operative complaint in this matter;

**IT IS FURTHER ORDERED** that Defendants Wisconsin Department of Corrections and Racine Correctional Institution be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this Order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the amended complaint within sixty (60) days of receiving electronic notice of this Order; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge