# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

                Plaintiff,

v.

KRISTIN VASQUEZ, LAURA FRAZIER, and PAUL S. KEMPER,

                Defendants.

Case No. 18-CV-158-JPS

**ORDER**

Plaintiff, who is incarcerated at Racine Correctional Institution ("RCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). The Court screened Plaintiff's complaint and allowed him to proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendants Kristin Vasquez ("Vasquez") and Laura Frazier ("Frazier"). (Docket #14 at 4–5). On July 6, 2018, Plaintiff filed an amended complaint in compliance with the deadline for amended pleadings set by the Court's Scheduling Order. (Docket #27). The Court screened the amended complaint and allowed Plaintiff to add Paul Kemper as a defendant. (Docket #28).

Plaintiff has now filed a motion for leave to amend his complaint once again. (Docket #30). The only material difference, for the purpose of screening, between Plaintiff's first amended complaint and his proposed second amended complaint is that he attempts, as he has before, to add RCI and the Wisconsin Department of Corrections ("WDOC") as defendants.

Because the addition of these defendants is not proper, the Court will deny Plaintiff's motion to file a second amended complaint.

As the Court explained in its order screening Plaintiff's first amended complaint, *see* (Docket #28), Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical need arises under 42 U.S.C. § 1983. Under that statute, a person may bring a cause of action against *persons* who "under color of any statute, ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. WDOC and RCI are state agencies and are not "persons" that may be sued under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012).

In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local government bodies are "persons" within the meaning of Section 1983. Those *local* (*i.e.* not state) entities can be liable for their policies or practices that violate the constitution or cause constitutional violations. *Id.* at 694; *Bailey v. Faulkner*, 765 F.2d 102, 104 (7th Cir. 1985). Plaintiff has included the word "policy" in his proposed second amended complaint, presumably attempting to allege that WDOC and RCI had a medication distribution policy that caused constitutional violations. *See* (Docket #30-2 at 7, 9). Even if WDOC and RCI were local entities, rather than state entities who are not subject to Section 1983 liability, this conclusory allegation would be insufficient to state a *Monell* claim against them.

For the foregoing reasons, Plaintiff's motion to file a second amended complaint will be denied. His first amended complaint, (Docket #27), remains the operative complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to file second amended complaint (Docket #30) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge